**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENT JEFFERY LABERT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>D. LONG,<br><br>　　　　　Respondent. | No.  2:20-CV-0440-JAM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Respondent's unopposed motion to dismiss.  See ECF No. 16.

**I.  BACKGROUND**

**A.**　　**State Court**

　　　　Petitioner was convicted of six counts of committing a lewd act on a child under fourteen against two victims.  See ECF No. 17-1.  Petitioner was sentenced to an indeterminate state prison term of ninety years to life.  See id.  The California Court of Appeal affirmed the conviction and sentence on July 9, 2009.  See ECF NO. 17-2.  The California Supreme Court denied direct review on September 17, 2009, without comment or citation.  See ECF No. 17-4. Petitioner did not seek certiorari in the United States Supreme Court.

1    Following conclusion of proceedings on direct review, Petitioner filed a single
2 state court post-conviction petition in the California Supreme Court on September 22, 2009.  See
3 ECF No. 17-5.  The California Supreme Court denied the petition on March 18, 2010, with a
4 citation to In re Swain, 34 Cal. 3d 300, 304 (1949).  See ECF No. 17-6.

5    **B.    Federal Court**

6    Petitioner filed a prior habeas corpus petition in federal court on September 23,
7 2010, entitled Lambert v. Martel, 2:10-CV-2587-KJS.  See ECF No 17-7.  The prior petition
8 challenged the same conviction as challenged in the current petition.  See id.  The prior petition
9 was denied on the merits on January 5, 2012.  See ECF No. 17-9.  The court declined to issue a
10 certificate of appealability.  See id.

11    Petitioner filed the current petition on February 23, 2020.  See ECF No. 1.

12

13                              **II.  DISCUSSION**

14    In his unopposed motion to dismiss, Respondent argues: (1) the current petition
15 must be dismissed because it is a second or successive petition filed without prior authorization
16 from the Ninth Circuit Court of Appeals; and (2) the current petition must be dismissed as
17 untimely.  Petitioner has not filed an opposition as to either contention.

18    **A.    Second of Successive Petitions**

19    Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive
20 habeas corpus application . . . that was presented in a prior application shall be dismissed."
21 Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . .
22 that was not presented in a prior application shall be dismissed. . . ." unless one of two
23 circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law,
24 or the factual predicate of the new claim could not have been discovered earlier through the
25 exercise of due diligence and the new claim, if proven, establishes actual innocence.  See id.
26 Before a second or successive petition can be filed in the district court, however, the petitioner
27 must first obtain leave of the Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  In the absence of
28 proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a

2

second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990). Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits because the possibility of returning to court following exhaustion exists and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). The dismissal of a petition as untimely, however, does constitute a decision on the merits because such a dismissal is a determination that the claims will not be considered. See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). Likewise, the denial of a petition on procedural default grounds is also a determination on the merits. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard, 905 F.2d at 1322-23, and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

The court outlined the claims and defenses raised in the prior petition as follows:

> In his Petition, Lambert raises five grounds: (1) admission of the videotaped testimony of the two complaining witnesses denied him a fair trial; (2) the failure of his trial counsel to object to the jury's unsupervised viewing of the videotaped evidence during its deliberations denied Lambert the effective assistance of counsel; (3) the failure of trial counsel to submit Lambert to a psychological examination denied Lambert the effective assistance of counsel; (4) prosecutorial misconduct; and (5) the trial court's refusal to permit defense counsel to cross-examine the mother on whether one of the complaining witnesses had previously claimed that the complaining witness's brother had sexually molested her. Respondent contends that grounds one through four are procedurally barred. Respondent asserts no other affirmative defense. (footnote omitted).

ECF No. 17-9, pgs. 6-7.

///

///

The court concluded Petitioner's first and fourth grounds for relief were procedurally barred due to defaults in state court. See id. at 16, 18. The court also concluded Petitioner's second and third grounds for relief were unexhausted and failed on the merits. See id. at 21. Finally, though not argued by the respondent in the prior case, the court nonetheless concluded that Petitioner's fifth claim "does not present a question of constitutional dimension." Id. at 36. Given these conclusions, this Court finds the prior action was decided on the merits.

The current action is a second or successive petition because it challenges the same conviction as addressed on the merits in the prior federal petition. Whether the current petition presents claims based on a new rule of constitutional law or newly discovered facts showing actual innocence are questions not properly before this Court because the current petition was filed without prior authorization from the Ninth Circuit Court of Appeals to do so. For this reason, the Court concludes it lacks jurisdiction to consider the instant second action, which must be dismissed.

### B.     Statute of Limitations

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1). Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

/ / /

/ / /

4

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

Respondent argues:

> On July 9, 2009, the California Court of Appeal affirmed the judgment. (Lod. Doc. 2.) Petitioner filed a petition for review with the California Supreme Court, which was denied on September 17, 2009. (Lod. Docs. 3-4.) The time to seek direct review ended on December 16, 2009, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expired. The one-year limitation period commenced running the following day—December 17, 2009. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Thus, the last day to file a federal petition was on December 16, 2010, plus any time for tolling.
>
> ECF No. 16, pg. 4.

/ / /

/ / /

/ / /

As Respondent correctly notes, the one-year limitations period in this case began to run the day following expiration of the 90-day period within which to seek certiorari in the United States Supreme Court. Here, that 90-day period ended on December 16, 2009. The limitations period began to run the following day – December 17, 2009.

Petitioner's single state court post-conviction petition was filed on September 22, 2009 – approximately three months prior to commencement of the limitations period on December 17, 2009 – and denied on March 18, 2010 – approximately three months after commencement of the limitations period. Because a limitations period that has not commenced cannot be tolled, Petitioner is entitled to statutory tolling only for the period of time between commencement of the limitations period on December 17, 2009, and denial of his state post-conviction petition on March 18, 2010 – a period of 92 days.

Applying 92 days of statutory tolling, Petitioner's current federal petition was due in March 2011. Because it was not filed until February 2020, it is untimely by almost nine years and must be dismissed.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 16, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 11, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6